

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------◆

UZIEL FRANKEL,

                Plaintiff,

   -against-

JEFFREY R. BERKE, YOEL WEISS,
MOSHE ROSENFELD, YOEL DRESDNER,
JOHN DOE #1 through JOHN DOE
#6, JANE DOE #1 through JANE
DOE #6,

               Defendants.

----------------------------◆

**CV 14      7563**

Civil Action No. KUNTZ, J.

BLOOM, M.J.

**COMPLAINT**

FILED CLERK
2014 DEC 30 PM 3:37
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

Plaintiff Uziel Frankel, appearing pro se, as and for his complaint against the Defendants Jeffrey R. Berke, Yoel Weiss, Moshe Rosenfeld, Yoel Dresdner, John Doe #1 through John Doe #6, and Jane Doe #1 through Jane Doe #6, most respectfully alleges the following:

     1.   Plaintiff Uziel Frankel ("Plaintiff") is above the age of 18 years, a citizen of New York State residing at 485 East 3rd Street, Brooklyn, New York 11218.

     2.   Defendant Jeffrey R. Berke a/k/a Jeffrey Ronald Berke ("Berke") is above the age of 18 years, a citizen of the State of New York residing at 5 Lee Court West, Great Neck, New York 11024-1428.

3.   Defendant Yoel Weiss ("Weiss") is above the age of 18 years, a citizen of the State of New York residing at 1234 – 47th Street, Brooklyn, New York 11219.

4.   Defendant MOSHE ROSENFELD ("Rosenfeld") is above the age of 18 years; a dual citizen of Israel and the United States of America; and maintains a New York State residence at 1411 – 48th Street, Brooklyn, NY 11219 (c/o Landau).

5.   Defendant YOEL DRESDNER ("DRESDNER") a/k/a JOEL DREZDNER a/k/a DRESNER a/k/a DREZNER is above the age of 18 years, a citizen of the State of New York residing at 1155 – 38th Street, Brooklyn, NY 11218.

6.   Defendants JOHN DOE #1 through JOHN DOE #6, and Defendants JANE DOE #1 through JANE DOE #6 (referred to herein both separately and collectively as "John Doe") are fictitious names, representing real persons, over the age of 18 years, whose real names are currently unknown to Plaintiff, who are believed to reside respectively within the State of New York and out of state, and who are believed to have directly participated together with the herein defendants in the allegations described hereinbelow, and/or directly aided and abetted the herein named defendants in the allegations herein described.

7.    Plaintiff seeks monetary and equitable relief, as well as injunctive relief and all other appropriate remedies to which he is entitled under both United States and New York State laws.

8.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United States.

9.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to Plaintiff's claims arising under the laws of the State of New York.

10.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(1)(2) in that a substantial part of the events giving rise to Plaintiff's claims occurred in Kings County, State of New York.

11. Plaintiff seeks treble damages as a result of the defendants' violations of the RICO statutes described in 18 USC §1961 & §1962.

12. Plaintiff seeks a trial by jury.

13. Plaintiff avers that all statements and allegations herein are true upon information, belief, and reasonable investigation, and further, that the instant action is not brought with any purpose to harass or defame the herein

defendants, and further that the instant action is not of any nature that could be called frivolous.

## THE CURRENTLY PENDING LITIGATION IN UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK AGAINST DEFENDANT YOEL WEISS

14. Defendant Yoel Weiss is currently a named defendant in the United States District Court, Eastern District of New York, before the Hon. Brian M. Cogan, in an action titled Rivka Stein v. World-Wide Plumbing Supply Inc. et al; Docket No. 13 Civ.6795.

15. Said Rivka Stein is additionally a plaintiff against Defendant Yoel Weiss in a state court matrimonial action pending in Kings County at the Integrated Domestic Violence Part, Judge Esther Morgenstern presiding, under Index No. 54467/12; where in addition to a legal divorce, she seeks both child support and custody of her two infant children fathered by the said defendant.

16. The Plaintiff is an ordained rabbi that recently has provided the aforesaid Rivka Stein with both spiritual encouragement and limited advice relating to her marital ordeal and problem with inability to obtain a religious divorce, known

**4**

as a Get, from her estranged husband, Defendant Yoel Weiss.
Plaintiff has never demanded or requested any compensation
whatsoever from said Rivka Stein, her friends, or members of her
family for any of his provided services.

## DEFENDANT YOEL WEISS' UNDERGROUND FALSE ID AND CREDIT CARD OPERATION & ILLEGAL FENCING ENTERPRISE DIRECTED AGAINST PLAINTIFF HEREIN

17. Upon information and belief, the Defendant Yoel Weiss
maintains as a principal operator, since approximately 2009 or
prior, an underground false ID and credit card fabrication
operation in conjunction with an underworld fencing enterprise
that is currently operating out of 1470 – 39th Street, Brooklyn,
New York 11218, and from out of his home office located at 1234
– 47th Street, Brooklyn, New York 11219, and certain other
locations in Brooklyn, New York, and from where he sells
nationally and overseas through Amazon.com and other on line
sites, on his own behalf and on behalf of the RICO Enterprise
described more fully hereinbelow, various types of electronics,
jewelry, as well as plumbing related products and other
merchandise, some of which were stolen off interstate carriers,
or purchased locally with stolen and forged credit cards in
conjunction with the use of falsified ID's or driver licenses.

18.  The herein Complaint describes Defendant Yoel Weiss and other herein defendants' participation in an ongoing criminal artifice that is targeting Plaintiff with vengeance in return for his assisting and advising Rivka Stein as aforesaid, and where he has employed the use of falsified driver licenses and stolen and forged credit cards from the Plaintiff herein, to purchase mostly jewelry and electronics valued in excess of $44,198.00, after which the loot derived thereof was sold through the aforesaid fencing enterprise, with much of the proceeds distributed by Defendant Yoel Weiss among the associated defendants.

## DEFENDANT BERKE'S VIOLATION OF THE MODEL RULES OF PROFESSIONAL CONDUCT

19.  In both the aforementioned federal and state court actions, Rivka Stein appointed as her legal counsel the Law Firm known as Mishcon de Reya New York LLP ("Mishcon de Reya") located at 750 7th Avenue, New York, New York 10019.

20.  Defendant Yoel Weiss in both the aforementioned federal and state court actions is represented by Defendant Berke, who is an attorney admitted to practice in the State of New York, and who maintains his law office under the d.b.a. Law

Offices Berke & Berke, at 90 Park Avenue, New York, New York
10016.

21. Upon information and belief, during about March 2014,
Defendant Berke, as the attorney for Defendant Weiss in the
state matrimonial action was sent an inadvertent disclosure by
Mishcon de Reya on behalf of Rivka Stein, containing
confidential and protected information, to wit, statements,
addresses writings and communications, privileged under attorney
client confidences -confidences with a purpose towards a frank
and candid environment between a client and their attorney- and
in which upon information and belief was included therein the
Plaintiff's name, address, and/or writings and/or
communications, together with the time and dates and intricate
details of the nature of the fiduciary and rabbinical or clergy
relationship and guidance between Plaintiff herein and Rivka
Stein.

22. Upon information and belief, that after the aforesaid
inadvertent disclosures were communicated by Mishcon de Reya to
Defendant Berke, he knew or should have known that said
communications were the product of an inadvertent confidential
disclosure, and that instead of prompt notice to Mishcon de Reya
of the inadvertent disclosure of confidential and privileged
information as set forth hereinabove, the Defendant Jeffrey

Berke in blatant and willful violation of the Model Rules of
Professional Conduct did in fact disclose such confidential and
privileged information to his client Defendant Yoel Weiss with
the intent to jointly and severally destroy, incapacitate,
hinder and dissolve the clergy relationship described
hereinabove between Plaintiff and Rivka Stein via the manner and
methods set forth in the instant action, so as to directly cause
Plaintiff irreparable harm and damages.

### CAMPAIGN OF HARASSMENT BY DEFENDANT YOEL WEISS
### DIRECTED AGAINST PLAINTIFF

23.  That beginning approximately late March, following the
aforesaid disclosure by Defendant Berke to Defendant Yoel Weiss,
the Defendant Yoel Weiss initiated a campaign of harassment
against Plaintiff, which remains ongoing, and which included
Defendant Yoel Weiss on numerous occasions stalking Plaintiff
personally outside his residence, and on the streets in
Brooklyn, New York, and his following Plaintiff while driving,
and his making repeated threatening phone calls to Plaintiff,
and to members of Plaintiff's immediate family, and to
Plaintiff's close friends, and eventually conspiring to commit
against Plaintiff, followed by his actually committing, an on
ongoing artifice that employs a repeated pattern of the

racketeering activities described in 18 USC §1961, as described further hereinbelow.

24. On the morning of November 17, 2014, Defendant Yoel Weiss had his cell phone confiscated by a security guard stationed in the hallway outside the courtroom of the Integrated Domestic Violence Part where he is a defendant in an action brought against him by Rivka Stein, after he was seen by that security guard taking close up photos of Plaintiff in a harassing and menacing manner. The said matter prompted Judge Esther Morgenstern later that day to comment on that court's record as to the misconduct displayed by Defendant Yoel Weiss outside her courtroom.

25. That Defendant Yoel Weiss appeared to be deranged with paranoia during the aforementioned threatening calls to Plaintiff, his family and friends, as he was often blaming, faulting and accusing both Plaintiff's family and friends respectively that they were each assisting Rivka Stein in her divorce action against him, and demanding that they must immediately cease and desist helping her or suffer the consequences.

26. On a morning in early June 2014, Plaintiff was walking in front of 485 East 3rd Street, Brooklyn, New York when he

suddenly and surprisingly encountered Defendant Yoel Weiss

moving intentionally very quickly toward him while appearing

distraught and speaking very delusional. Defendant Yoel Weiss

appeared to be recording and videoing the encounter with his

cell phone. Defendant Yoel Weiss repeatedly warned and

threatened the herein Plaintiff, and directed some very absurd

and irrational accusations toward him.

27. At said encounter, Defendant Yoel Weiss warned

Plaintiff that he must cease giving any assistance to Rivka

Weiss, while stating that he has sufficient "full files" on

Plaintiff to make his life miserable; that no one messes with

him and gets away with it because he has his ways to accomplish

whatever he wants.

28. During the said encounter, Defendant Yoel Weiss

absurdly accused Plaintiff of having communicated with a

forensic psycholgist named Dr. Sophie Michelakou, who was

appointed by the court in Rivka Stein's matrimonial action to

interview and examin the respective parties therein and their

two infant children followed by her preparing a detailed

forensic report. Defendant Yoel Weiss insisted that the

Plaintiff herein wrote the forensic report that he said was

issued previously during about May 2014. In response, Plaintiff

insisted that he never met with, spoke with, or in any fashion

communicated with, said forensic doctor, and certainly did not write her forensic report.

29.  It was readily seen that Plaintiff's response was not acceptable, as Defendant Yoel Weiss continued to rant and insist that Plaintiff was guilty of publicizing page 60 of the forensic report. From Defendant Yoel Weiss' ranting it became evident that he believed that page 60 of the forensic report details an acknowledgment or admission by Defendant Yoel Weiss to the forensic doctor that he was having, or that he had previously an incestuous relationship with his younger sister.

30.  Plaintiff advised Defendant Yoel Weiss that he never read, touched, or saw any part of his forensic report and certainly did not publicize it.  In response, Defendant Yoel Weiss resumed his irrational accusation that Plaintiff had authored the said report.

31. Additionally, Defendant Yoel Weiss falsely accused Plaintiff of operating a Beth Din in Mill Basin that issued rulings against him some weeks earlier, and additionally for promoting, assisting, and encouraging Rivka Stein to commence a national media campaign and facebook campaign against him.  Each of the said accusations by Defendant Yoel Weiss was entirely false, and Plaintiff stated as such to him.

32.    In his response to Defendant Weiss, Plaintiff insisted that he does not, and did not run or operate any Beth Din in Mill Basin or anywhere else, and has never met or spoken with in person or by phone, with any of the rabbis that presided on the Mill Basin Beth Din.

33. Likewise, Plaintiff advised Defendant Yoel Weiss that he was always, from time preceding Defendant Yoel Weiss' birth, adamantly against media campaigns and use of the public forum to seek redress or settlement of both marital and/or financial disputes. That Plaintiff was asked for his advice relating to the media campaign, by Rivka Stein's brother residing in Israel, and clearly expressed repeatedly his full opposition on the matter, but the advice was unfortunately not adhered to.

34. Plaintiff's words to Defendant Yoel Weiss appeared to fall upon either deaf or irrational ears, as Defendant Yoel Weiss continued with threats and demands related to the Mill Basin Beth Din; blaming and threatening Plaintiff for running a media campaign against him; and insisting that Plaintiff authored the forensic report, and was publicizing, the page therein relating to his committing incest.

35.    The aforesaid threats that were directed against Plaintiff included both physical and financial threats, and

included similar threats toward Plaintiff's immediate family and friends, with Defendant Yoel Weiss ranting in a highly excitable state and tone that he is smart like a lawyer, and that his attorney Defendant Berke does and writes to the Courts only what he instructs him to do and that he and Jeff Berke are privy of Plaintiff's personal and financial business information and that they will get even with Plaintiff till he is broke.

36. The aforesaid excitable threats and utterances of Defendant Weiss appeared uncalculated and genuine, causing Plaintiff much anxiety and concern.

37. Upon information and belief, during about the end of July 2014, Defendant Berke was privy of the plans and intentions of his client Defendant Yoel Weiss to commit in the very near future, ID fraud, credit card fraud, bank fraud, mail fraud, wire fraud, and other criminal activities against Plaintiff, as described further, and had a legal responsibility to counsel him against implementing such a plan.

38. Moreover, upon information and belief, and for reasons more fully described hereinbelow, the campaign of harassment via the aforementioned criminal activities that was directed against Plaintiff, perpetrated by Defendant Yoel Weiss and the other

defendants to this action, was initiated and believed encouraged to continue by Defendant Berke.

## CONSPIRACY TO COMMITT IDENTITY THEFT
## & CREDIT CARD FRAUD

39.  The allegations set forth herein arise in connection with Defendants Berke, Weiss, Dresdner, and Rosenfeld, acting jointly together in concert and conspiracy as well as severally with Defendants John Doe and Jane Doe, in advising in favor of and planning during approximately July 2014 and/or early August 2014, a multi-level artifice against Plaintiff that would directly involve *inter alia,* credit card fraud and identity theft with the use of falsified identification documents and information, all of which were unlawfully obtained and forged with the intent to cause Plaintiff emotional harm, perpetrate grand larceny, cause damage and detriment to Plaintiff's reputation, property and business, and to award the herein defendants with a windfall from their scam.

40.  The aforesaid planned mullti-level artifice was willfully, maliciously and for no just cause directed against Plaintiff and included the employment of a repeated pattern of RICO predicate crimes, that includes but is not limited to, mail

**14**

fraud, wire fraud, and bank fraud, in a manner that carried a direct impact and affect on interstate and foreign commerce.

### THE R.I.C.O. ENTERPRISE

41. For all purposes within this action, the Defendants Weiss, Dresdner, Rosenfeld, John Doe and Jane Doe, since about 2010 or prior, are an ongoing group of thugs associated in fact although not a legal entity, all of whom maintain together a close and direct association and business relationship primarily related to gambling, illegal drugs, selling driver license and ID forgeries, massive credit card fraud, together with buying and fencing stolen merchandise, as well as committing on a large scale Stolen Identity Refund Fraud (SIRF) directed against the United States Treasury, and with the aforesaid set of affairs directly affecting interstate and foreign commerce, and thus constituting a RICO Enterprise as defined in 18 U.S.C. §1961, (hereinafter refereed to as the "RICO ENTERPRISE" or "ENTERPRISE").

**THE SECONDARY AIM & GOAL OF THE RICO ENTERPRISE**

42. The aforesaid RICO enterprise, comprised of Defendants
Weiss, Dresdner, Rosenfeld, John Doe and Jane Doe, in addition
to, and along side its' aforesaid underworld business
relationship and common dealings, which as aforementioned
directly affects interstate and foreign commerce, does also
maintain and promote as part of its' affairs, common purposes,
and function as a continuing unit, a secondary common aim,
purpose, and goal, to wit, barring, hindering and impeding any
person from continuing in the present, or considering in the
future, to assist or support said Rivka Stein in any manner, and
to directly retaliate against and to directly harass,
intimidate, and cause both emotional and economic damage toward
any person believed to be currently assisting Rivka Stein
economically and/or providing her with hope and encouragement
and/or providing her with any assistance in her current federal
action and/or state matrimonial court action, and with the
defendants having maintained and continuing to maintain the very
same common aim, purpose and goal directed toward anyone
believed currently endeavoring, to help Rivka Stein with her
obtaining a religious divorce known as a Get from Defendant Yoel
Weiss, her estranged husband.

43.  As stated further herein, the Defendants Yoel Weiss, Berke, Rosenfeld, and Dresdner, each benefited substantially for their promoting the aforesaid secondary common aim, purpose, and goal; with the latter three defendants receiving remuneration from Defendant Yoel Weiss for their respective leadership and/or advisory rolls and/or ongoing personal participation therein.

### DEFENDANT MOSHE ROSENFELD

44.  Upon information and belief, as explained further herein, Defendant Rosenfeld is an addicted gambler easily enticed to participate in the aims and goals of the RICO enterprise upon receiving promises by Defendant Yoel Weiss that large sums of money will be paid to him immediately and with more to be paid in the future.

45.  As evidence of the aforesaid, Defendant Rosenfeld frequently gambles at Parx Casino a/k/a Xclub located at 2999 Street Road, Bensalem, PA 19020, and maintains his own personal Xclub membership card bearing No. 001276105.

**THE CONNECTION BETWEEN DEFENDANTS YOEL WEISS & ROSENFELD-
PROMISES OF MONEY LAUNDERING BY DEFENDANT YOEL WEISS; AND
INTERNATIONAL DRUG TRAFFICKING**

46.  Upon information and belief, to help support his
gambling addiction, Defendant Rosenfeld routinely use an
electronic key-card to enter and rob mail delivered on Saturdays
to stores that provide or rent private mailboxes, which stores
are owned and operated by orthodox Jewish proprietors located in
the Borough Park neighborhood in Brooklyn, New York, that are
officially closed on that day in observance of the Jewish
Sabbath, and where the mail is always left on that day by the
delivery carrier in the vestibule.

47.  Upon information and belief, Defendant Rosenfeld when
robbing mail as aforementioned, would seek primarily the
envelopes addressed to known charitable organizations and
certain private companies, knowing those most often contain
donation checks or checks made to the companies.

48.  Upon information and belief, Defendant Rosenfeld,
after robbing the mails as aforementioned, would endeavor around
the neighborhood seeking to cash and launder his stolen checks
by means of extortion and intimidation, as explained further
herein.

18

49.  Upon information and belief, during about July 2014
and/or early August 2014, Defendant Rosenfeld was promised by
Defendant Yoel Weiss in exchange for his participation with the
secondary aims and goals of the said RICO enterprise, that in
addition to the monies already paid to him, as previously
mentioned, that Defendant Weiss would accommodate Defendant
Rosenfeld with laundering certain of his routinely stolen
checks.

### TRANSPORTING ILLEGAL DRUGS OVERSEAS

50.  Upon information and belief, Defendant Rosenfeld is
affiliated with the transport of illegal drugs across
international borders; and to obtain money to further support
his gambling addiction, Defendant Rosenfeld is directly involved
with the underworld as a recruiter of drug mules to smuggle
illegal drugs, including but not limited to heroine and cocaine
into Israel and other countries.

51.  Most recently, Defendant Rosenfeld was very
instrumental and paid a high commission for connecting to a
certain Moshe Goldstein and David Shuster, and thereafter
deceiving same to transport concealed cocaine to Israel.
Likewise, at about the same time and after receiving a high
financial incentive, Defendant Rosenfeld connected to, and

thereafter deceived, a certain Shimon Benita to transport the
same or similar illegal drugs to Brazil. The three were
discovered and arrested in August 2014. Upon information and
belief, the said three drug mules were never advised or made
aware of the contents that they were carrying until after they
were caught.

52. Upon information and belief, the aforesaid connection
by Defendant Rosenfeld to the said three drug mules, Moshe
Goldstein, David Shuster, and Shimon Benita was made directly
through Defendant Yoel Weiss in exchange for, and in furtherance
of, Defendant Rosenfeld's full unfettered participation with him
in the RICO enterprise.

53. Upon information and belief, during about late August
2014, Defendant Rosenfeld reported to the respective government
authorities that the aforementioned three drug mules were
smuggling cocaine after being advised that he was not going to
receive full payment as the broker instrumental with directly
making the illegal arrangements.

## THE CONNECTIONS BETWEEN DEFENDANTS DRESDNER,
## YOEL WEISS & ROSENFELD

54. Defendant Rosenfeld, in addition to his being a felon
in his own right as previously described, overtly disgraces and

tarnishes the good name of the United States federal government by purporting to be a paid agent working for both the United States Secret Service and Federal Bureau of Investigation.

55. Upon information and belief, Defendant Rosenfeld, to further feed his gambling addiction, has fabricated for himself a reputation within the Borough Park, Brooklyn community as being a federal informer on government payroll, and does publicly purport to be affiliated and connected with federal agents and police, whereby providing himself with a false means to extort, intimidate and instill fear and pressure in both the law abiding citizens and the few non-law abiding members, so as to convince same to pay him hush money and to additionally accommodate his personal illegal activities and shenanigans, which includes *inter alia* cashing and laundering his stolen checks.

56. Upon information and belief, since approximately 2010 or prior, Defendant Dresdner is/was paying Defendant Rosenfeld hush money on a regular basis in exchange for maintaining Defendant Rosenfeld's alliance and cooperation with his own scamming operation related to, Stolen Identity Refund Fraud, false ID manufacturing, and stolen credit card operations.

57. Upon information and belief, since approximately 2010 or prior, Defendant Yoel Weiss is/was paying Defendant Rosenfeld hush money on a regular basis in exchange for maintaining Defendant Rosenfeld's alliance and cooperation with his own scamming operations related directly to ID theft, stolen credit cards and the fencing of stolen merchandise.

## RICO ENTERPRISE DETAILS
## THE PAYMENTS

58. Upon information and belief, Defendants Berke, Rosenfeld, Dresdner and John Doe were paid substantial sums of money by Defendant Yoel Weiss derived from the RICO Enterprise's underworld operations, constituting proceeds from a pattern of racketeering activities, in exchange for: **(a)** their ongoing personal participation in their respective leadership rolls as operators and decision makers for and on behalf of directing the manner of carrying out the RICO enterprise's primary functions, purposes, and goals; **(b)** each of the said defendants consent to be directly involved with, and to personally participate with, carrying out the secondary aims, purposes, and goals of the RICO enterprise; and **(c)** each of the said defendants direct personal and ongoing involvement and participation with carrying out the secondary aims, purposes, and goals of the RICO enterprise.

22

## CONSPIRACY TO VIOLATE THE RICO STATUTE

59.  Defendants Berke, Rosenfeld, Dresdner and John Doe knew that their personal and ongoing involvement and participation with carrying out the secondary aims, purposes, and goals of the RICO enterprise would entail predicate acts that comprise and constitute a pattern of racketeering activity, and notwithstanding, had agreed to the commission of those acts to further the aims, purposes, and goals of the RICO enterprise, as described herein.


## THE DEFENDANTS' MANAGERIAL POSITIONS

60.  Upon informationa and belief, the Defendants Berke, Weiss, Dresdner, Rosenfeld, John Doe and Jane Doe, respectively, are each employed by and/or closely associated with the RICO enterprise, and regularly or routinely maintain a specific managerial control or relationship over the conduct, management, affairs, purposes and goals of the RICO enterprise, in violation of 18 USC §1962.

61.  Upon information and belief, within the RICO enterprise it was the duty and function of Defendants Rosenfeld and Dresdner to *inter alia* recruit members of other gangs, and

then to oversee, direct, and personally supervise their implementing all of the common secondary aims, purposes, and goals of the RICO enterprise.

62. Upon information and belief, within the RICO enterprise it was the regular and routine duty and function of Defendant Yoel Weiss to *inter alia* oversee Defendants Rosenfeld and Dresdner.

63. For the reasons described further herein, it is believed that Defendant Berke has previously acted and continues to currently act in direct concert and conspiracy with the Defendants Yoel Weiss, Rosenfeld, Dresdner and John Doe, by participating in a managerial capacity with said defendants relating to the common secondary aim, purpose and goal of the RICO enterprise, as the *consigliere* of Defendant Yoel Weiss and/or as the strategist of the RICO enterprise, or in ways constituting aiding and abetting Defendants Yoel Weiss, Rosenfeld, Dresdner and John Doe in their implementing the described artifice against Plaintiff.

64. Upon information and belief, Defendant Yoel Weiss' share of the proceeds derived through the pattern of racketeering activities described herein relating to the RICO Enterprise, which was actually comprised of many of the latest

Apple and Microsoft smart-phones and tablets purchased with stolen and forged credit cards, as well as stolen jewelry purchased in the same manner, as described in detail further hereinbelow, and which heist was in aggregate value exceeding forty-four thousand dollars, was invested in, or used to maintain the aforesaid underground fencing operation by selling same overseas on Amazon.com and/or other on line sites, in violation of 18 USC §1962(a).

65. As set forth further hereinbelow, Defendant Yoel Weiss on or about October 7, 2014, while believing his criminal actions were protected by an absurd legal loophole acknowledged his participation in the said RICO artifice, as well as the roll played by Defendant Berke.

66. Upon information and belief, during about late July 2014 the defendants Berke, Rosenfeld, Weiss, and John Doe met at or nearby the office of Defendant Berke, located at 90 Park Avenue, New York, New York, for a meeting at which time they conspired and planed a strategy (hereinafter the "RICO Meeting Plan"), by which to bar, impede, hinder, and retaliate against those persons assisting Rivka Stein in one or more of the manners previously mentioned herein, and where Defendant Rosenfeld recommended the employment of two of Defendant Dresder's close underworld male associates, one of whom is of

Italian nationality residing out of state, with the Sir name
Senatore, to act on behalf of the aforesaid enterprise and where
the said two associates (referred to herein as the "SHOPPERS")
for nominal compensation paid by Defendants Weiss and Dresdner
would be instructed and directed to shop primarily electronic
and Jewelry retail stores with stolen and forged credit cards
bearing the name of Plaintiff, and to run up the Plaintiff
herein with bills from such stolen credit cards in excess of
$44,198.00; after which the stolen loot would be sold on line
through Amazon.com and other on line accounts administered
through Defendants Yoel Weiss and Dresdner.

67. Upon information and belief, the RICO meeting plan was
presided by Defendants Berke and Yoel Weiss, with the latter
believed to have done most of the talking.

68. Upon information and belief, under the RICO meeting
plan the Defendant Yoel Weiss would provide the Plaintiff's
residential address, date of birth, and social security number
in order to falsely create over the internet new credit lines
and credit card accounts in Plaintiff's name.

69. In addition to the above, the Plaintiff's personal
information was to be used for the purpose of deceiving certain
banks over the phone in order to have them disclose Plaintiff's

account information and credit line, and to fraudulently order
via UPS or Fed-Ex overnight delivery duplicate credit cards
where it would be found to appertain.

70.  Additionally, upon information and belief, under the
aforesaid RICO meeting plan, the Defendants Rosenfeld and
Dresdner, acting in concert and conspiracy with the other
remaining defendants, would provide the aforementioned two
underworld associates or shoppers with false ID in the form of
two separate falsified driver licenses appearing to originate
from the State of Pennsylvania, both bearing the name of
Plaintiff while additionally bearing a photo of the respective
two shoppers. The forged driver's license served to compliment
the respective shopper's stolen credit card in the event the
retail merchant requested of same proof of identity in the form
of a photo ID or driver license.

71. As described further below, beginning early August
2014 and continuing into September 2014, the Defendants Berke,
Weiss, Dresdner, Rosenfeld and John Doe, all of whom were acting
both jointly and severally, while believing that Plaintiff had
assisted, and was continuing to assist, said Rivka Stein in one
or more of the ways previously stated, did willfully,
intentionally and maliciously without any just cause, together
execute the aforementioned planned artifice and did employ a

27

repeated pattern of the RICO predicate crimes described
previously herein against Plaintiff, with the direct aim,
purpose, and intent to impede, hamper, and obstruct same from
continuing to lend any assistance to Rivka Stein, as well as to
retaliate against Plaintiff by directly damaging, permanently
injuring and defrauding Plaintiff of his property, business, and
ability to conduct business, in a manner that directly affects
both interstate and international commerce, and that the
defendants, as a proximate result of their RICO crimes, did
additionally defraud The United States Treasury.

## REPEATED VIOLATIONS OF the RICO PREDICATE CRIMES
## CAPITAL ONE BANK STOLEN CREDIT CARD
## THEFT TOTALING $25,453.33

72.  Upon information and belief, on August 5, 2014, the
Defendants Yoel Weiss, Dresdner, Rosenfeld and John Doe, all of
whom were acting both jointly and severally in concert and
conspiracy in their desire to carry out and accomplish the
secondary aim, purpose and goal of the RICO enterprise, did
criminally and fraudulently use Plaintiff's name, address, date
of birth and social security number, which information was
fraudulently acquired by Defendant Yoel Weiss, in order to cause
to be filed on line an application or account with Capital One

Bank in Plaintiff's name for a credit card, which was shortly thereafter approved by Capital One Bank.

73. Upon information and belief, Defendant Berke was aware in advance of the aforesaid RICO criminal activities and aided and abetted the aforesaid RICO activity.

74. Upon information and belief, following the said credit card approval from Capital One Bank, the herein Defendants Yoel Weiss, Dresdner, Rosenfeld and John Doe, acting in concert and conspiracy, subsequently provided the previously mentioned two underworld shoppers associated with Defendants Rosenfeld and Dresdner with two respective falsified driver licenses that appeared to originate from the State of Pennsylvania, and both bearing the name of Plaintiff, with each false license bearing a respective photo of each of the two aforementioned shoppers, after which the said Defendants Weiss, Dresdner, Rosenfeld and John Doe, all of whom were acting both jointly and severally in concert and conspiracy in their desire to carry out and accomplish the secondary aim, purpose and goal of the RICO enterprise, did criminally and fraudulently direct the said two shoppers to make fraudulent purchases on their behalf in Plaintiff's name in an amount totaling $25,453.33.

75. Upon information and belief, in order to facilitate the aforesaid credit card scam, the Defendants Weiss, Dresdner, Rosenfeld and John Doe, acting both jointly and severally in concert and conspiracy, did criminally and fraudulently cause to have Plaintiff's mail inspected daily in a stealthy manner begining approximately August 6, 2014 through about August 13, 2014, by Defendant John Doe while same waited for the arrival of the Capital One Bank credit card by the United States Postal Service to the outside of Plaintiff's home, and after which time the newly arrived credit card was physically stolen and fraudulently used.

76. Upon information and belief, on August 13, 2014, one of the said two shoppers, acting in concert, and on behalf of, and on the direction of, the Defendants Yoel Weiss, Dresdner, Rosenfeld and John Doe, all of whom were acting both jointly and severally in their desire to carry out and accomplish the secondary aim, purpose and goal of the RICO enterprise, did fraudulently purchase Jewelry in Plaintiff's name using the aforesaid stolen credit card originating from Capital One Bank in the amount $8,682.78 at Success Jewlery loctaed at 243 Canal Street, New York, New York.

77. Thereafter, on August 23, 2014, upon information and belief, one of the said two shoppers, acting in concert, and on

behalf of, and on the direction of, the Defendants Yoel Weiss,
Dresdner, Rosenfeld and John Doe, all of whom were acting both
jointly and severally in their desire to carry out and
accomplish the secondary aim, purpose and goal of the RICO
enterprise, did travel to Roosevelt Field Mall located in Garden
City, New York, and while using the aforesaid stolen credit card
originating from Capital One Bank, did fraudulently purchase in
Plaintiff's name, twelve gift cards at $500.00 each and one
additional gift card for $250.00, with the card cost premium
fees over the face value of the said cards in the amount of
$39.35, for a total fraudulent purchase amount of $6,289.35.

78.  Thereafter, on August 29, 2014, upon information and
belief, one of the said two shoppers, acting in concert, and on
behalf of, and on the direction of, the Defendants Yoel Weiss,
Dresdner, Rosenfeld and John Doe, all of whom were acting both
jointly and severally in their desire to carry out and
accomplish the secondary aim, purpose and goal of the RICO
enterprise, did travel to the Microsoft Store located at 160
Walt Whitman Road, Huntington, Long Island, and while using the
aforesaid stolen credit card originating from Capital One Bank,
did fraudulently purchase in Plaintiff's name, numerous
Microsoft's Surface Pro tablets for a total purchase in the
amount of $8,468.40.

79. Thereafter, on August 30, 2014, upon information and belief, one of the said two shoppers, acting in concert, and on behalf of, and on the direction of, the Defendants Yoel Weiss, Dresdner, Rosenfeld and John Doe, all of whom were acting both jointly and severally in their desire to carry out and accomplish the secondary aim, purpose and goal of the RICO enterprise, did travel to the Walt Whitman Mall, located in Huntington, Long Island, and while using the aforesaid stolen credit card originating from Capital One Bank, did fraudulently purchase in Plaintiff's name, four more gift cards with a face value of $500.00 each, for a total cost of $2,012.80 including the premium fees.

80. Upon information and belief, to facilitate each of the aforesaid fraudulent purchases described hereinabove, the respective shoppers used the forged Pennsylvania driver license bearing Plaintiff's name, which was fraudulently acquired through and by Defendants Rosenfeld and Dresdner, acting in concert and conspiracy with Defendants Yoel Weiss and John Doe.

## STOLEN DISCOVER CARD - TOTAL THEFT $4,100.00

81. That upon information and belief, on August 23, 2014, at 1:29 PM, the Defendants Yoel Weiss, Dresdner, Rosenfeld and

John Doe, all of whom were acting both jointly and severally in concert and conspiracy in their desire to carry out and accomplish the secondary aim, purpose and goal of the RICO enterprise, did criminally and fraudulently use Plaintiff's name, address, date of birth and social security number, which information was fraudulently acquired by Defendant Yoel Weiss, in order to order from Discover Bank a credit card ("Discover Card") in Plaintiff's name.

82. Upon information and belief the said Discover Card was delivered via Fed-Ex on August 26, 2014 and fraudulently received by Defendant John Doe, who was acting in concert, and on behalf of, and on the direction of, the Defendants Yoel Weiss, Dresdner, Rosenfeld and John Doe, all of whom were acting both jointly and severally in their desire to carry out and accomplish the secondary aim, purpose and goal of the RICO enterprise.

83. Upon information and belief, on August 30, 2014, one of the said two shoppers, acting in concert, and on behalf of, and on the direction of, the Defendants Yoel Weiss, Dresdner, Rosenfeld and John Doe, all of whom were acting both jointly and severally in their desire to carry out and accomplish the secondary aim, purpose and goal of the RICO enterprise, did travel to City Diamond NY Corp., located at 179 Canal Street, in

33

Manhattan and fraudulently purchased jewelery using the said Discover credit card which was in Plaintiff's name in the amount of $4,100.00.

84. Moreover, upon information and belief, to facilitate the aforesaid fraudulent purchase, the shopper used the forged Pennsylvania driver license bearing Plaintiff's name as previously described herein.

### CHASE SLATE CREDIT CARD - TOTAL THEFT $13,263.08

85. That upon information and belief, on August 20, 2014 @ 12:45 PM, the Defendants Yoel Weiss, Dresdner, Rosenfeld and John Doe, all of whom were acting both jointly and severally in concert and conspiracy in their desire to carry out and accomplish the secondary aim, purpose and goal of the RICO enterprise, did criminally and fraudulently use Plaintiff's name, address, date of birth and social security number, which information was fraudulently acquired by Defendant Yoel Weiss, in order to order a Chase Slate credit card to be delivered via UPS Next day Delivery to plaintiff's home address.

86. Upon information and belief the said Chase Slate credit card was delivered via Fed-Ex on August 21, 2014 at 3:49

P.M. and fraudulently received by Defendant John Doe, who was acting in concert, and on behalf of, and on the direction of, the Defendants Yoel Weiss, Dresdner, Rosenfeld and John Doe, all of whom were acting both jointly and severally in their desire to carry out and accomplish the secondary aim, purpose and goal of the RICO enterprise.

87. On August 21, 2014 at approximately 5:35 P.M., the Defendant John Doe, acting in concert and conspiracy with Defendants Yoel Weiss, Dresdner, Rosenfeld and John Doe, fraudulently called Chase Slate customer service to activate the card.

88. Upon information and belief, on August 21, 2014, one of the said two shoppers, acting in concert, and on behalf of, and on the direction of, the Defendants Yoel Weiss, Dresdner, Rosenfeld and John Doe, all of whom were acting both jointly and severally in their desire to carry out and accomplish the secondary aim, purpose and goal of the RICO enterprise, did travel to the Apple Store, located at 1981 Broadway, New York, New York, and at 5:42 P.M. fraudulently made purchases using the said Chase Slate credit card which was in Plaintiff's name in the amount of $6,523.80.

89.  Thereafter, on August 21, at 6 P.M. the said Shopper, acting in concert and conspiracy with the herein defendants, did fraudulently use the aforesaid Chase Slate card to purchase $55.55 worth of gas at a Sunoco station in New York City.

90.  Thereafter, on August 23, 2014 at 7:08 P.M. Defendant John Doe, acting in concert and conspiracy with Defendants Yoel Weiss, Dresdner, Rosenfeld and John Doe, did fraudulently use the aforesaid Chase Slate card to purchase $25.00 worth of gas at a Citgo station located in Brooklyn, New York.

91.  Thereafter, on August 26, 2014 at 3:29 P.M. one of the said two shoppers, acting in concert, and on behalf of, and on the direction of, the Defendants Yoel Weiss, Dresdner, Rosenfeld and John Doe, all of whom were acting both jointly and severally in their desire to carry out and accomplish the secondary aim, purpose and goal of the RICO enterprise, did travel to P.C. Richards located in Brooklyn, New York, and at 3:29 P.M. did fraudulently make purchases using the said Chase Slate card which was in Plaintiff's name in the amount of $1,087.63.

92.  Thereafter, on August 26, 2014 at 4:00 P.M. Defendant John Doe, acting in concert and conspiracy with Defendants Yoel Weiss, Dresdner, Rosenfeld and John Doe, did fraudulently use

the aforesaid Chase Slate card to purchase $25.00 worth of gas at 8th Avenue Gas Corp., located in Brooklyn, New York.

93. Upon information and belief, on August 27, 2014, one of the said two shoppers, acting in concert, and on behalf of, and on the direction of, the Defendants Yoel Weiss, Dresdner, Rosenfeld and John Doe, all of whom were acting both jointly and severally in their desire to carry out and accomplish the secondary aim, purpose and goal of the RICO enterprise, did travel to the Apple Store, located at 1401 West 14th Street, New York, New York, and at 2:07 P.M. fraudulently made purchases using the said Chase Slate credit card which was in Plaintiff's name in the amount of $5,546.10.

94. Moreover, upon information and belief, to facilitate the aforesaid fraudulent purchase, the shopper used the forged Pennsylvania driver license bearing Plaintiff's name as previously described herein.

**BLOOMINGDALE'S CREDIT CARD ACCOUNT - TOTAL THEFT $1,381.72**

95. That upon information and belief, on August 14, 2014, the Defendants Yoel Weiss, Dresdner, Rosenfeld and John Doe, all of whom were acting both jointly and severally in concert and

conspiracy in their desire to carry out and accomplish the secondary aim, purpose and goal of the RICO enterprise, did criminally and fraudulently use Plaintiff's name, address, date of birth and social security number, which information was fraudulently acquired by Defendant Yoel Weiss, in order to open an on line Bloomingdale's credit card account in Plaintiff's name.

96. Upon information and belief, on August 14, 2014, shortly after obtaining credit approval on line from Bloomingdale's on behalf of Plaintiff, the Defendants Yoel Weiss, Dresdner, Rosenfeld and John Doe, all of whom were acting both jointly and severally in concert and conspiracy in their desire to carry out and accomplish the secondary aim, purpose and goal of the RICO enterprise, did criminally and fraudulently purchase on line in Plaintiff's name four pairs of Gucci Shoes and a pair of boots for the sum of $1,381.72, with said merchandise to be delivered to Plaintiff's home address via UPS.

97. Thereafter, upon information and belief, the Defendants Yoel Weiss, Dresdner, Rosenfeld and John Doe, all of whom were acting both jointly and severally in concert and conspiracy, did instruct that the delivery of the aforesaid merchandise purchased from Bloomingdale's should be re-routed to the UPS drop-off location near Canarsie in Brooklyn, New York.

98. Thereafter, on August 19, 2014 at 5:55 P.M., upon information and belief, the Defendant John Doe, acting in concert and conspiracy with the Defendants Yoel Weiss, Dresdner, Rosenfeld and John Doe, did fraudulently pick up the said Bloomigdale's package addressed to Plaintiff, from UPS at the aforesaid UPS location.

99. Defendants Yoel Weiss, Dresdner, Rosenfeld and John Doe used the U.S. mail to serve within the aforementioned artifice as a necessary instrument to effectuate and maintain their continuous reckless and egregious fraud and repeated pattern of RICO activities.

100. Defendants Yoel Weiss, Dresdner, Rosenfeld and John Doe used the telephone, fax, and online Internet communications to serve within the aforementioned artifice as a necessary instrument to effectuate and maintain their continuous reckless and egregious fraud and repeated pattern of RICO activities.

## MORE OF DEFENDANT YOEL WEISS' STALKING, THREATENING & HARASSING PLAINTIFF

101. That during about early or mid-September 2014, the herein Plaintiff while shopping in Borough Park, Brooklyn, was stalked by Defendant Yoel Weiss who did threaten Plaintiff and his family and at which time Defendant Yoel Weiss did

acknowledge in between his rambling threats that he had
participated behind the credit card scam directed against
Plaintiff, as described hereinabove. The rambling threats were
disturbing in nature, as they were directed toward Plaintiff
should he not cease to assist Rivka Stein in her litigation
matters.

102. On or about October 7, 2014, as Plaintiff stood in
front of his residence, Plaintiff was again stalked by Defendant
Yoel Weiss who appeared to come with quick sudden surprise out
of hiding, in a manner that he knew would certainly cause
Plaintiff to become immediately frightened and apprehensive with
fear to his person and safety; and indeed did cause Plaintiff
such apprehensiveness and fear. Defendant Yoel Weiss appeared
to be recording and videoing the encounter on his phone, and at
which time Defendant Yoel Weiss was wearing a wide grin to
appear as though proud and content in an attempt to intimidate
Plaintiff, stated that that he believed he was not yet finished
taking his revenge against Plaintiff for assisting Rivka Stein.
Defendant Weiss boasted of his running the credit card scam
directed at Plaintiff. There were cross-words that ensued from
Plaintiff, during which time Defendant Weiss started again to
falsely and irrationally accuse Plaintiff of both authoring the
previously mentioned forensic report and publicizing the

specific page therein that tells of Defendant Yoel Weiss having admitted to the forensic psychologist that he was having, or that he previously had, sexual relations with his younger sister.

103. During the said encounter Defendant Yoel Weiss sought to intimidate Plaintiff by foolishly advising of his being well connected with underworld criminals while acknowledging that some days earlier he personally had a lunch meeting in Borough Park at a restaurant named Shem Tov, with a business associate that he proudly claimed is one of the greatest underworld experts in ID theft and Stolen Identity Refund Fraud (SIRF); but then added that there is currently a warrant out for that associates arrest.

104. Additionally, during the said encounter Defendant Yoel Weiss' mood appeared agitated, angry, and strongly excitable, at which time he stated in a fit of outburst that he was within the law; that Defendant Berke had guided him and advised him in early August 2014 that he cannot get in trouble for credit card fraud as long as he refrains from doing the actual shopping. The aforesaid was unequivocally understood from the context of his words to be referring to the credit card fraud scam that Defendant Weiss directed against Plaintiff beginning August 2014.

105. Defendant Yoel Weiss additionally acknowledged during the said encounter that Defendant Dresdner had participated together with him, and that Defendant Dresdner is a professional that never gets into trouble with the law because he always uses third parties to do his shopping.

106. Moreover, during the aforesaid encounter, Defendant Weiss did also wrongly accuse Plaintiff of causing him to loose fifty thousand dollars, insisting that Plaintiff had advised Rivka Stein to instruct TD Bank to reverse funds in that same amount that two years prior were transferred by Defendant Weiss in and out of her personal checking account with that bank, as explained next.

107. Upon information and belief, between May and July of 2012, Defendant Yoel Weiss had fraudulently used Rivka Stein's personal TD Bank checking account without her knowledge for the purpose of laundering certain of his online transactions with Amazon.com and other companies in the aforesaid sum amount. However, it was only during about early 2014 that Rivka Stein discovered the fraudulent deposits and transfers, after which time TD Bank on Rivka Stein's instructions reversed all those funds back to her account to the detriment of Defendant Weiss.

## THE RICO STATUTE

108. Subsection 1962 (c) of Title 18 of the United States Code prohibits any person associated with an enterprise engaged in interstate commerce from participating in the conduct of the enterprise's affairs through a pattern of racketeering activities.

109. Subsection 1962 (d) of Title 18 of the United States Code prohibits inter alia any person associated with an enterprise engaged in interstate commerce from conspiring to violate any of the provisions of the aforesaid subsection (c).

110. The Defendants Berke, Yoel Weiss, Rosenfeld, Dresdner and John Doe, comprising the Enterprise are "persons" within the meaning of 18 U.S.C. § 1961.

111. The defendants herein were associated with and/or participated in the affairs of the Enterprise, sharing a common aim, goal, and purpose to engage in a particular fraudulent course of conduct and worked together to achieve such purposes.

112. The Enterprise's purposes were common to all the defendant members.

113.  The RICO Enterprise described herein was separate from the pattern of racketeering activity, and maintained an existence independent of the commission of the predicate acts.

114.  Defendants Berke, Yoel Weiss, Rosenfeld, and Dresdner were principals in the underlying pattern of racketeering activity.

115.  The Enterprise is an "enterprise" within the meaning of 18 U.S.C. § 1961.

116.  As previously stated, Defendants Berke, Yoel Weiss, Rosenfeld, and Dresdner regularly and routinely controlled and conducted the business of the Enterprise and its other constituent members, in an effort to perpetrate wrongful and unlawful acts against Plaintiff.

117.  The predicate acts alleged herein constitute substantial acts of fraud and related activity in connection with identification documents under 18 U.S.C. § 1028, relating to fraud and related activity in connection with access devices under 18 U.S.C. § 1029, relating to financial institution fraud under 18 U.S.C. § 1344, relating to mail fraud under 18 U.S.C. § 1341, relating to wire fraud under 18 U.S.C. § 1343.

118. There is no evidence available to Plaintiff that even suggests discontinuance by the Defendants Yoel Weiss, Rosenfeld, Dresdner and John Doe, of the pattern of RICO activities described hereinabove. Continuation of the pattern of RICO activities by the said defendants herein is also a continuation of damages to Plaintiff.

119. The aforementioned pattern of racketeering activities emanating from Defendants herein through the RICO Enterprise remains ongoing and continues as a viable threat to be likely repeated against Plaintiff in the future leaving Plaintiff much concerned for his financial safety.

120. The stalking, as well as the threats and other crimes emanating from Defendant Yoel Weiss against Plaintiff, and the other crimes perpetrated by the herein defendants toward Plaintiff, remains ongoing, leaving Plaintiff much concerned for his personal, emotional, and financial safety.

121. That as a proximate cause of the aforementioned pattern of racketeering activities of Defendants Yoel Weiss, Rosenfeld, Dresdner and John Doe, all of whom were functioning as a continuing unit for a common purpose in conducting and participating in the operation of the affairs of the RICO Enterprise, Plaintiff has been made to suffer, great, permanent

and irreparable, financial harm and damage to his work and business, and his ability to conduct productive business in the future.

122. Plaintiff was the direct target of the racketeering activities perpetrated by Defendants Yoel Weiss, Rosenfeld, Dresdner and John Doe, and incurred as a direct result damage to his business, thereby giving Plaintiff standing to bring the herein action.

123. That as a proximate cause of the aforementioned criminal and egregious acts of the herein defendants, Plaintiff has suffered, great, permanent and irreparable, emotional and psychological trauma that permanently prohibits Plaintiff from being the self-supporting, productive individual that he was previously.

124. Plaintive is additionally entitled to punitive relief.

125. Upon information and belief, Plaintiff is not the sole victim of Defendant Yoel Weiss and the two respective RICO enterprises described hereinabove.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Civil RICO (18 USC §1962(c))

**(As Against Defendants Yoel Weiss, Rosenfeld, and Dresdner)**

126. Plaintiff repeats and realleges Paragraphs 1 through 125, as if fully set forth herein.

127. That as a direct, factual and proximate result of each of the respective Defendants Yoel Weiss, Moshe Rosenfeld and Yoel Dresner's willful, intentional, and/or reckless actions forming the individual predicate acts alleged herein, and pattern of racketeering activity in which they engaged, Plaintiff has suffered injuries, including significant economic loss.

128. Plaintiff has suffered damages in an amount to be determined at trial, plus interest thereon.

129. That as a direct and proximate consequence of each of the respective Defendants Yoel Weiss, Moshe Rosenfeld, and Yoel Dresdner's willful, intentional, and/or reckless acts, Plaintiff is entitled to punitive damages in an amount to be determined at trial.

130. That as a consequence of each of the respective Defendants Yoel Weiss, Moshe Rosenfeld, and Yoel Dresdner's

willful, intentional, and/or reckless acts, Plaintiff is entitled to treble damages, recovery of the costs of this litigation, and an award of reasonable attorneys' fees.

## SECOND CAUSE OF ACTION
### Civil RICO (18 USC §1962(d))
**(As Against Defendants Yoel Weiss, Rosenfeld, and Dresdner)**

131. Plaintiff repeats and realleges Paragraphs 1 through 130, as if fully set forth herein.

132. The Defendants Yoel Weiss, Moshe Rosenfeld, and Yoel Dresdner, respectively, knew that their commission of the predicate acts described herein would constitute a pattern of racketeering activity and each of he said defendants planned and together agreed to the commission of those acts to further the scheme described above. Such conduct constitutes a conspiracy to violate 18 U.S.C. § 1962(c).

133. Defendants Yoel Weiss, Moshe Rosenfeld, and Yoel Dresdner, respectively, possessed knowledge of, at the very minimum, the general contours of the RICO Enterprise, the Enterprise's goals and purposes, and the manner intended by which they would jointly and severally endeavor to effectuate same, to wit, via a pattern of racketeering activities.

134. Defendants Yoel Weiss, Moshe Rosenfeld, and Yoel Dresdner, respectively, agreed, adopted, and intended to further the goals and purposes of the Enterprise, while knowing that if such goals and purposes were completed, they would satisfy all of the elements of a substantive RICO violation.

135. That as a direct, factual and proximate result of the respective Defendants Yoel Weiss, Moshe Rosenfeld and Yoel Dresner's willful, intentional, and/or reckless actions forming the individual predicate acts alleged herein, and pattern of racketeering activity in which they engaged, Plaintiff has suffered injuries, including significant economic loss.

136. Plaintiff has suffered damages in an amount to be determined at trial, plus interest thereon.

137. That as a direct and proximate consequence of the respective Defendants Yoel Weiss, Moshe Rosenfeld, and Yoel Dresdner's willful, intentional, and/or reckless acts, Plaintiff is entitled to punitive damages in an amount to be determined at trial.

138. As a consequence of the respective Defendants Yoel Weiss, Moshe Rosenfeld, and Yoel Dresdner's willful, intentional, and/or reckless acts, Plaintiff is entitled to

treble damages, recovery of the costs of this litigation, and an award of reasonable attorneys' fees.

### THIRD CAUSE OF ACTION
### Civil RICO (18 USC §1962(c))
### (As Against Defendant Jeffrey Berke)

139. Plaintiff repeats and realleges Paragraphs 1 through 138, as if fully set forth herein.

140. That as a direct, factual and proximate result of Defendant Berke's willful, intentional, and/or reckless participation in the aims, goals and purposes of the RICO Enterprise, which included the commission of the individual predicate acts alleged herein by members of the Enterprise, and the pattern of racketeering activity in which they engaged, Plaintiff has suffered injuries, including significant economic loss.

141. Plaintiff has suffered damages in an amount to be determined at trial, plus interest thereon.

142. That as a direct and proximate consequence of Defendant Berke's willful, intentional, and/or reckless acts, Plaintiff is entitled to punitive damages in an amount to be determined at trial.

143. As a consequence of each of Defendant Berke's willful, intentional, and/or reckless acts, Plaintiff is entitled to treble damages, recovery of the costs of this litigation, and an award of reasonable attorneys' fees.

### FOURTH CAUSE OF ACTION
### Civil RICO (18 USC §1962(d))
### (As Against Defendant Jeffrey Berke)

144. Plaintiff repeats and realleges Paragraphs 1 through 143, as if fully set forth herein.

145. Defendant Berke did advise, plan, and encourage, the Defendants Yoel Weiss, Moshe Rosenfeld, and Yoel Dresdner, respectively, with endeavoring to effectuate the aim, goal, and function of the RICO Enterprise. Defendant Berke knew, and possessed knowledge of, at the very minimum, the general contours of the RICO Enterprise, the Enterprise's goals and purposes, and the manner intended by which Defendants Yoel Weiss, Moshe Rosenfeld, and Yoel Dresdner would jointly and severally endeavor to effectuate same, and knew, or should have known, that the said defendants would commit the predicate acts described herein, constituting a pattern of racketeering activity, and thus constituting a conspiracy to violate 18 U.S.C. § 1962(c).

146. That as a direct, factual and proximate result of Defendant Berke's willful, intentional, and/or reckless planning, advising and encouraging, the Defendants Yoel Weiss, Moshe Rosenfeld, and Yoel Dresdner, relating to the aims, goals and purposes of the RICO Enterprise, which included the commission of the individual predicate acts alleged herein by those members of the Enterprise, and the pattern of racketeering activity in which they engaged, Plaintiff has suffered injuries, including significant economic loss.

147. Plaintiff has suffered damages in an amount to be determined at trial, plus interest thereon.

148. That as a direct and proximate consequence of Defendant Berke's willful, intentional, and/or reckless acts, Plaintiff is entitled to punitive damages in an amount to be determined at trial.

149. That as a consequence of the Defendant Berke's willful, intentional, and/or reckless violation of the RICO statute 18 U.S.C. §1962(d), Plaintiff is entitled to treble damages, recovery of the costs of this litigation, and an award of reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION

### Aiding & Abetting

### (As Against Defendant Jeffery Berke)

150. Plaintiff repeats and realleges Paragraphs 1 through 149, as if fully set forth herein.

151. That as a direct, factual and proximate result of Defendant Berke's willful, intentional, and/or reckless aiding and abetting the Defendants Yoel Weiss, Moshe Rosenfeld, and Yoel Dresdner, relating to the ID fraud and stolen credit card scam directed against Plaintiff in which they engaged, Plaintiff has suffered injuries, including significant economic loss.

152. Plaintiff has suffered damages in an amount to be determined at trial, plus interest thereon.

153. As a direct and proximate consequence of Defendant Berke's willful, intentional, and/or reckless acts, Plaintiff is entitled to punitive damages in an amount to be determined at trial.

154. As a consequence of the Defendant Berke's willful, intentional, and/or reckless acts of aiding and abetting the Defendants Yoel Weiss, Moshe Rosenfeld, and Yoel Dresdner, relating to their commission of ID fraud and fraud related to

stolen credit cards, directed against Plaintiff herein, the Plaintiff is entitled to compensatory damages.

### SIXTH CAUSE OF ACTION
#### Assault
#### (As Against Defendant Yoel Weiss)

155. Plaintiff repeats and realleges Paragraphs 1 through 154, as if fully set forth herein.

156. On multiple occasions between April 2014 and November 2014, defendant Yoel Weiss committed acts of stalking Plaintiff, and where Defendant Yoel Weiss did   intentionally sneak up quickly and unexpectedly upon Plaintiff and cause same to become apprehensive and fearful of immediate danger to his person and safety, and as a direct result of that conduct did directly cause Plaintiff to become apprehensive and fearful of immediate danger to his person and safety, constituting an assault directed by Defendant Yoel Weiss against Plaintiff.

157. That as a direct consequence of the aforesaid assault Plaintiff has been damaged and entitled to compensatory relief from Defendant Yoel Weiss.

158. As a direct and proximate consequence of Defendant Yoel Weiss' willful, and intentional acts Plaintiff is entitled to punitive damages in an amount to be determined at trial.

159. Plaintiff has suffered damages as a result of Defendant Yoel Weiss' willful and intentional assault in an amount to be determined at trial, plus interest thereon.

**SEVENTH CAUSE OF ACTION**

**THREATS & EXTORTION**

**(As Against Defendant Yoel Weiss)**

160. Plaintiff repeats and realleges Paragraphs 1 through 159, as if fully set forth herein.

161. Defendant Yoel Weiss did make verbal threats to Plaintiff that were directed at the person and safety of Plaintiff's immediate family in order to extort and instill Plaintiff with further fear; and where Defendant Yoel Weiss sought by means of the fear of those threats to cause Plaintiff to act against his will and better judgment, and comply with his demands.

162. Defendant Yoel Weiss conspired to commit extortion against Plaintiff and conducted himself in a manner that

constitutes a misdemeanor or felony as defined under New York State and/or United States law.

163. That as a direct consequence of the aforesaid threats and extortion, Plaintiff has been damaged and entitled to compensatory relief from Defendant Yoel Weiss.

164. As a direct and proximate consequence of Defendant Yoel Weiss' willful, and intentional acts Plaintiff is entitled to punitive damages in an amount to be determined at trial.

165. Plaintiff has suffered damages as a result of Defendant Yoel Weiss' willful and intentional threats and extortion in an amount to be determined at trial, plus interest thereon.

## EIGHTH CAUSE OF ACTION
### PRIMA FACIA TORT
**(As Against All Defendants)**

166. Plaintiff repeats and realleges Paragraphs 1 through 165, as if fully set forth herein.

167. That the egregious acts of the defendants described in the herein action, even if somehow deemed legal with color of right on the side of any or all defendants, were intentional,

willfull, malicious and for no just cause directed against
Plaintiff in order to cause same emotional and economic
injuries.

168. As a direct and proximate consequence of the
defendants prima facie tort Plaintiff suffered emotional and
financial injuries.

169. As a direct and proximate consequence of Defendants'
willful, intentional and malicious acts, Plaintiff is entitled
to punitive damages in an amount to be determined at trial.

170. Plaintiff has suffered damages in an amount to be
determined at trial, plus interest thereon.

## NINTH CAUSE OF ACTION
### Emotional Tramau, Stress, and Suffering
### (As Against All Defendants)

171. Plaintiff repeats and realleges Paragraphs 1 through
170, as if fully set forth herein.

172. That the egregious acts of the defendants described in
the herein action, were intentional, willfull, malicious and for
no just cause directed against Plaintiff in order to cause same
emotional suffering and tramau.

173. As a direct and proximate consequence of the defendants intentional, willfull, and malicious acts directed at Plaintiff, same suffered emotional and financial injuries.

174. As a direct and proximate consequence of Defendants' willful, intentional and malicious acts, Plaintiff is entitled to punitive damages in an amount to be determined at trial.

175. Plaintiff has suffered great emotional stress and tramau as a result of the herein defendants' egregious acts toward him, and Plaintiff is entitled to damages in an amount to be determined at trial, plus interest thereon.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Uziel Frankel respectfully prays that the Court grant the following relief against Defendants, and enter Judgment as follows:

A. As to the First Cause of Action, to award Plaintiff compensatory, punitive, and treble damages against Defendants Yoel Weiss, Moshe Rosenfeld, and Yoel Dresdner, jointly and severally, including pre- and post-judgment

interest thereon, in an amount to be determined at trial; and

B. As to the Second Cause of Action, to award Plaintiff compensatory, punitive, and treble damages against all Defendants Yoel Weiss, Moshe Rosenfeld, and Yoel Dresdner, jointly and severally, including pre- and post-judgment interest thereon, in an amount to be determined at trial; and

C. As to the Third Cause of Action, to award Plaintiff compensatory, punitive, and treble damages against Defendant Jeffery Berke, including pre- and post-judgment interest thereon, in an amount to be determined at trial; and

D. As to the Fourth Cause of Action, to award Plaintiff compensatory, punitive, and treble damages against Defendant Jeffery Berke, including pre- and post-judgment interest thereon, in an amount to be determined at trial; and

E. As to the Fifth Cause of Action, to award Plaintiff compensatory and punitive damages against Defendant Jeffery

Berke, including pre- and post- judgment interest thereon, in an amount to be determined at trial; and

F.  As to the Sixth Cause of Action, to award Plaintiff compensatory and punitive damages against Defendant Yoel Weiss, including pre- and post- judgment interest thereon, in an amount to be determined at trial; and

G.  As to the Seventh Cause of Action, to award Plaintiff compensatory and punitive damages against Defendant Yoel Weiss, including pre- and post- judgment interest thereon, in an amount to be determined at trial; and

H.  As to the Eighth Cause of Action, to award Plaintiff compensatory and punitive damages against Defendants Jeffery Berke, Yoel Weiss, Moshe Rosenfeld, and Yoel Dresdner, jointly and severally, including pre- and post-judgment interest thereon, in an amount to be determined at trial; and

I.  As to the Ninth Cause of Action, to award Plaintiff compensatory and punitive damages against Defendants Jeffery Berke, Yoel Weiss, Moshe Rosenfeld, and Yoel Dresdner, jointly and severally, including pre- and post-

judgment interest thereon, in an amount to be determined at trial; and

J. For any further relief that this Honorable Court deems to be proper and just.

Dated: Brooklyn, New York
       December 30, 2014

_____
UZIEL FRANKEL
Plaintiff Pro Se
485 East 3rd Street
Brooklyn, NY 11218
(347)915-3565

## NAME & ADDRESSES of ALL KNOWN DEFENDANTS

Defendant Jeffrey R. Berke

5 Lee Court West

Great Neck, New York 11024-1428


Defendant Yoel Weiss

1234 - 47th Street

Brooklyn, New York 11219


Defendant MOSHE ROSENFELD

c/o Landau

1411 - 48th Street

Brooklyn, NY 11219


Defendant YOEL DRESDNER

1155 - 38th Street

Brooklyn, NY 11218